UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Imeri Enterprises Inc. | § | Case No. 24-32106 |
| | § | |
| Debtor | § | |
| | § | |

**DEBTOR'S EMERGENCY MOTION FOR PRELIMINARY AND INTERIM USE OF CASH COLLATERAL**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THIS MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF, OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**ADUIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG DISTANCE CHARGES. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE RODRIGUEZ'S CONFERENCE ROOM NUMBER IS 999276.**

*Emergency Motion for Preliminary and*
*Interim Use of Cash Collateral*

**YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION. TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGE RODRIGUEZ" IN THE GOTOMEETTING APP OR CLICK THE LINK ON JUDGE RODRIGUEZ'S HOME PAGE IN THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT HAND CORNER AND ENTER YOUR NAME UNDER PERSONAL INFORMATION SETTING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Imeri Enterprises Inc. ("Imeri" or "Debtor"), Debtor-in-possession, in the above bankruptcy case, hereby files this Debtor's Emergency Motion for Preliminary and Interim Use of Cash Collateral, pursuant to 11 U.S.C. § 363, Fed. R. Bank. P. 4001, and Local Bankr. R. 4001-1(b), and in support thereof would show this Court as follows:

1. Debtor filed a voluntary petition for relief on May 6, 2024, under Chapter 11 of Title 11, United States Code 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"). Debtor elected to proceed under Sub Chapter V of Chapter 11.

**Jurisdiction and Venue**

2. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A) and (M). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a). This Court has the constitutional authority to enter a final order in this matter. If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the Debtor consents to the entry of a final order or judgment by this Court in this matter.

## Relief Requested

3. The Debtor requests preliminary and interim use of its cash collateral to pay its necessary expenses of its business in the ordinary course. The Debtor also requests, upon notice and a hearing, a final order authorizing its continued use of cash collateral.

## Reasons Why the Relief Should be Granted

4. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor is operating its business as a debtor-in-possession. No examiner has been appointed, and no official committee of unsecured creditors has yet been formed. Tom Howley has been appointed as Sub Chapter V Trustee.

5. The Debtor owns a 56 room hotel at 28332 Southwest Highway 59, Rosenberg, TX 77471 ("Property") currently operated as La Quinta Inn & Suites Rosenberg. Debtor has operated this Property since October 2018. The Property was posted for foreclosure on May 7, 2024. Debtor filed the bankruptcy to stop the foreclosure and reorganize the Debtor. The Debtor plans to propose a plan that allows the sale of the Property.

6. The creditors that purport to hold liens or security interests in inventory and accounts are: Customers Bank; Home Tax Solutions, LLC and/or Tax CORE Lending, LLC; and Avenue Tax Remittance Department.[1]

7. Under 11 U.S.C. §363(c)(2), a debtor may use its cash collateral if each entity that has an interest in such cash collateral consents or if the Court, after notice and a hearing, authorizes the use of the cash collateral. Under 11 U.S.C. §363(c)(3), the Court must condition the debtor's use of its cash collateral as is necessary to provide adequate

---

[1] See, *Exhibits B, C, and D.*
*Emergency Motion for Preliminary and*
*Interim Use of Cash Collateral*

protection of the interest in the cash collateral claimed by a party. At a hearing on a debtor's motion for use of cash collateral, the debtor bears the burden of proof on the issue of adequate protection, and the party claiming an interest in the cash collateral bears the burden of proof on the issue of the validity, priority, or extent of the lien. 11 U.S.C. § 363(p).

8. The Debtor requests preliminary and interim authorization to use cash collateral as set forth in the interim budget attached hereto as *Exhibit A* until a final order granting further use of cash collateral can be entered. The Debtor further requests that any amounts listed in the interim budget that are unused in any category may be used in another category so long as the total amount of expenses is not exceeded until the final hearing on use of cash collateral.

9. The Debtor is without sufficient funds, other than the cash collateral, to operate. The Debtor's inability to timely pay the costs and expenses set forth herein will result in immediate and irreparable harm to the estate. Because the Debtor's request for interim authorization seeks the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the value of the estate pending a final hearing, the request complies with Rules 4001(b)(2) and 6003 of the Federal Rules of Bankruptcy Procedure.

10. The interim budget itemizes the uses of cash by budgetary category and includes a list of business expenses that are reasonable and necessary and that must be paid until such time as a final hearing on the Motion can be held. The Debtor proposes that any amounts listed in the interim budget that are unused in any week may be carried over and used by the Debtor in any subsequent week, as needed.

11. The Debtor also requests that the Court authorize it to continue to use cash collateral on a final basis as will be set forth in a final budget to be submitted to the Court in connection with a final hearing on the Motion.

12. Bankruptcy Code § 363(e) provides that "on request of an entity that has an interest in property used . . . or proposed to be used . . ., the court . . . shall prohibit or condition such use. . . as is necessary to provide adequate protection of such interest." Bankruptcy Code § 361 sets forth a non-exclusive list of forms of adequate protection, which include periodic cash payments, additional liens, replacement liens, and other forms of relief. 11 U.S.C. § 361. A determination of adequate protection is decided on a case-by-case basis, involving a consideration of the "nature of the creditor's interest in the property, the potential harm to the creditor as a result of the property's decline in value and the method of protection." *In re Braniff Airways, Inc.*, 783 F.2d 1283, 1286 (5th Cir. 1986). The purpose of adequate protection is to ensure that a secured party's economic position is not worsened because of the filing of a bankruptcy case. *In re DeSardi*, 340 B.R. 790, 804 (Bankr. S.D. Tex. 2006). The Debtor proposes to adequately protect the interests of the Lenders in the collateral in a number of ways. The Debtor proposes to grant the Lenders post-petition replacement liens in the same assets of the Debtor that such entity had prior to the filing of the chapter 11 bankruptcy case.

13. In addition, the Debtor will provide the Lenders with information relating to projected revenues and expenses, actual revenue and expenses, and variances from the interim budget. This information will enable the Lenders to monitor the interests in the cash collateral. Reporting of financial information is a sufficient form of adequate protection. *See, e.g., Mutual Benefit Life Ins. Co. v. Stanley Station Assocs., L.P. (In re Stanley Station*

*Assocs., L.P.)*, 140 B.R. 806, 809 (D. Kan. 1992) ("In addition, we believe the request of MBL for 'timely filing of proper monthly operating reports . . .' falls within the ambit of adequate protection . . . ."); *Sumitomo Trust & Banking Co. v. Holly's, Inc. (In re Holly's, Inc.)*, 140 B.R. 643, 706 (Bankr. W.D. Mich. 1992) (reports required as part of adequate protection).

14. An immediate need exists for the Debtor to obtain approval of this motion which seeks authority to use cash collateral in order to pay operating expenses, insurance and other ongoing expenses in the ordinary course of the business. Without the ability to use cash collateral the Debtor will not be able to operate. Thus, the Debtor must have a hearing to determine its authority to use cash collateral at the Court's earliest date possible.

15. Without the immediate ability to use the cash collateral for an interim period, the Debtor cannot operate its business and may suffer the loss of revenue. Pursuant to Bankruptcy Rule 4001, the Debtor requests that the Court set an emergency hearing on the preliminary and interim use of cash collateral, and that at such emergency hearing, the Court authorize the Debtor's use of cash collateral consistent with the interim budget, in order to avoid immediate and irreparable harm to this estate pending a final hearing.

16. Furthermore, to successfully implement the foregoing, the Debtor requests a waiver of the notice requirements of Bankruptcy Rule 6004(a). The exigent nature of the relief sought herein justifies immediate relief, which is necessary for the Debtor to be able to continue to operate its business and preserve value in the estate.

17. The Debtor also requests a final hearing as soon as the Court's schedule permits in order to consider the Debtor's request for use of the cash collateral on an ongoing basis.

WHEREFORE, PREMISES CONSIDERED, the Debtor requests that this Court: (1) set an emergency preliminary hearing to consider the Debtor's interim use of Cash Collateral, (2) authorize the Debtor's use of Cash Collateral on an interim basis through May 31, 2024, (3) grant replacement liens and other rights to the Lenders as adequate protection for the use of the Cash Collateral, if necessary, and (4) set a final hearing to consider the Debtor's ongoing use of Cash Collateral (and the granting of post-petition replacement liens, if necessary) during the pendency of this case and after hearing evidence, authorize the Debtor's use of cash collateral on an ongoing final basis.

Dated:  May 16, 2024.

Respectfully submitted,

*/s/Nikie Marie López-Pagán*
Reese W. Baker
Texas Bar No. 01587700
**Nikie Marie López-Pagán**
**Texas Bar No. 24090233**
Baker & Associates
950 Echo Lane, Suite 300
Houston, Texas 77024
713-869-9200
713-869-9100 (fax)
courtdocs@bakerassociates.net
PROPOSED ATTORNEYS FOR DEBTOR

### CERTIFICATE OF EMERGENCY

The undersigned, Nikie Marie López-Pagán, certifies that this request is an emergency and that the emergency consideration is necessary.  I have read the above pleadings and there is a need for an emergency hearing/consideration. The Debtor has an immediate need to use cash collateral.

*/s/Nikie Marie López-Pagán*
Nikie Marie López-Pagán

**CERTIFICATE OF SERVICE**

I certify that on or about May 16, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

A separate certificate of service of notice of hearing on this motion, accompanied with this motion, proposed order, and attachments, will be filed for entities not on the electronic filing system at this time.

*/s/Nikie Marie López-Pagán*
Nikie Marie López-Pagán