**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Imeri Enterprises Inc. | § | Case No. 24-32106 |
| | § | |
| Debtor | § | |
| | § | |

## CHAPTER 11 SUBCHAPTER V STATUS REPORT

1.  The efforts Debtor has undertaken and will undertake to attain a consensual reorganization plan.

    The Debtor has not had an opportunity to address issues on a consensual plan at this time. The case was filed on May 6, 2024. The Debtor intends to work towards a consensual plan soon.

2. Any complications the debtor anticipates in promptly proposing and confirming a plan, including any need for discovery, valuation, motion practice, claim adjudication, or adversary proceeding litigation.

    At this time, the Debtor is not aware of issues that may adversely affect confirmation of the plan.  As of this date one (1) claim has been filed.

3. An outline of the proposed plan.

    The Debtor owns a 56 room hotel at 28332 Southwest Highway 59, Rosenberg, TX 77471 ("Property") currently operated as La Quinta Inn & Suites Rosenberg.  Debtor has operated this Property since October 2018.   The Debtor plans to propose a plan that allows the sale of the Property.

4.  A description of the nature of the debtor's business or occupation, the primary place of business, the number of locations from which it operates, and the number of employees or independent contractors it utilizes in its normal business operations and the goals of the reorganization plan.

    Debtor owns the Property that it currently operates as La Quinta Inn & Suites Rosenberg. Debtor has operated this Property since October 2018.   The Debtor plans to propose a plan that allows the sale of the Property.

5. Any motions the debtor contemplates filing or expects to file before confirmation.

Debtor intends to file an emergency motion for an order (i) prohibiting utility providers from altering, refusing or discontinuing services and (ii) establishing procedures for determining requests for additional adequate assurance.

6. Any objections to any claims or interests the debtor expects to file before confirmation and any potential need to estimate claims for voting purposes.

None known at this time.

7. The business, financial, and other problems that prompted the filing of this case.

The Property was posted for foreclosure on May 7, 2024.  Debtor filed the bankruptcy to stop the foreclosure and reorganize the Debtor.  The Debtor plans to propose a plan that allows the sale of the Property.

8. Attendance at a meeting of creditors pursuant to 11 U.S.C. § 341(a).

The Debtor will attend the meeting of creditors scheduled for June 5, 2024 at 10:00 a.m.

9. Estate's need for professionals (e.g., attorneys, accountants, brokers, etc.).

The Debtor will file an Application to Employ Attorneys.

The Debtor will file an Application to Employ an Accountant or Bookkeeper.

10. Whether the debtor is current on the filling of all required tax returns.

The Debtor is current on tax returns.

11. Unique issues concerning secured debt, employees, cash collateral, executory contracts, and existing management.

None known at this time.

12. Post-petition operations and revenue.

The Debtor anticipates that the business of the company will continue and the debtor is taking actions to address increases in the business of the debtor.

13. Status of any litigation pending in or outside this Court.

To the Debtor's information and belief state court litigation is stayed (Case No. 24-DCV-312345-Fort Bend County).

14. Compliance with requests for information from the United States Trustee including, but not limited to, requests made in the Initial Debtor Interview.

The Debtor will provide the requested information to the United States Trustee ("U.S. Trustee").

15. Type and adequacy of insurance coverage.

Debtor has provided proof of property and liability insurance for the Property to the United States Trustee.

16. Debtor-In-Possession Bank Account.

Debtor has represented to counsel that it opened a Debtor-In-Possession ("DIP") account with Chase Bank.

17. Any other matters that might materially affect the administration of this case.

None known at this time.


Dated:  May 23, 2024

<div style="margin-left:40%">

*/s/ Nikie Marie López-Pagán*
Reese W. Baker
Baker & Associates
TX Bar No. 01587700
**Nikie Marie López-Pagán**
**TX Bar No. 24090233**
950 Echo Lane, Suite 300
Houston, Texas 77024
(713) 979-2279
(713) 869-9100 fax
Email: courtdocs@bakerassociates.net

**Proposed Counsel for**
**Imeri Enterpirses, Inc.**

</div>


## CERTIFICATE OF SERVICE


I hereby certify that on May 23, 2024 I caused a copy of the foregoing document to be served by the Electronic Filing System for the United States Bankruptcy Court for the Southern District of Texas.

<div style="text-align:center">

*/s/ Nikie Marie López-Pagán*
Nikie Marie López-Pagán

</div>